UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BOBBI JO J.,

                Plaintiff,

    v.                                         5:23-CV-478
                                                (GTS/DJS)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**APPEARANCES:**                               **OF COUNSEL:**

OLINSKY LAW GROUP               HOWARD D. OLINSKY, ESQ.
Attorney for Plaintiff
250 South Clinton Street
Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.      KRISTINA D. COHN, ESQ.
OFFICE OF REG'L GEN. COUNSEL   CHRISTOPHER N. HURD, ESQ.
Attorney for Defendant
6401 Security Blvd.
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 15-17. For the

reasons set forth below, the Court recommends that Plaintiff's Motion for Judgment on the Pleadings be denied and Defendant's Motion be granted.

## I. RELEVANT BACKGROUND

### A. Background

Plaintiff was born in 1994. Dkt. No. 13, Admin. Tr. ("Tr."), p. 69. Plaintiff reported having completed high school. Tr. at p. 45. Plaintiff had no prior work experience. *Id.* Plaintiff alleged disability based upon learning disabilities, anxiety, depression, obesity, asthma, and acid reflux. Tr. at pp. 69-70. Plaintiff applied for supplemental security income benefits on August 27, 2019. Tr. at p. 96. She alleged a disability onset date of June 29, 2016. Tr. at p. 69. Plaintiff's application was initially denied in January 2020, Tr. at pp. 99-106, and upon reconsideration in January 2021. Tr. at pp.110-117. She then requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 118-120. The hearing took place before ALJ Jennifer Smith on January 4, 2022, at which Plaintiff and a vocational expert testified. Tr. at pp. 41-68. On January 19, 2022, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 25-35. On March 10, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

### B. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity

since August 27, 2019, the date of her application. Tr. at p. 27. Second, the ALJ found that Plaintiff had the following severe impairments: asthma, borderline intellectual functioning, attention deficit hyperactivity disorder, depressive disorder, and anxiety disorder. *Id.* Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 28. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following limitations:

> The claimant should have not concentrated exposure to respiratory irritants such as dust, odors, fumes and gases, wetness, extreme hot and cold temperatures, and humidity. The claimant should work at simple, routine and repetitive tasks. The claimant should work at job with occasional decision-making, occasional judgment required and occasional changes in the work setting. The claimant should work at goal-oriented work rather than production pace rate work. The claimant should work at a job with a math and language GED of 1.

Tr. at p. 30. Fifth, the ALJ found that Plaintiff had no past relevant work. Tr. at p. 33. Sixth, the ALJ found that based upon Plaintiff's age, education, and functional abilities there were jobs in the national economy she could perform. Tr. at pp. 33-34. As a result, the ALJ found that Plaintiff was not disabled. Tr. at p. 34.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health &*

3

*Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."

4

*Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III. ANALYSIS

Plaintiff raises a single claim of error for review in this proceeding - that the ALJ failed to properly evaluate her subjective complaints. Dkt. No. 15, Pl.'s Mem. of Law, pp. 6-8. Defendant responds that the ALJ properly analyzed Plaintiff's disability claim and that the ALJ's findings are supported by substantial evidence. Dkt. No. 16, Def.'s Mem. of Law at pp. 5-10.

The ALJ is obligated to "carefully consider all the evidence presented by claimants regarding their symptoms, which fall into seven relevant factors including daily activities and the location, duration, frequency, and intensity of their pain or other symptoms." *Debra T. v. Comm'r of Soc. Sec.*, 2019 WL 1208788, at *9 (N.D.N.Y. Mar. 14, 2019) (quoting *Del Carmen Fernandez v. Berryhill*, 2019 WL 667743, at *9 (S.D.N.Y. Feb. 19, 2019)) (internal quotations and alterations omitted).

> The evaluation of symptoms involves a two-step process. First, the ALJ must determine, based upon the objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged...." 20 C.F.R. §§ 404.1529(a), (b); 416.929(a), (b).
>
> If so, at the second step, the ALJ must consider "'the extent to which [the claimant's] alleged functional limitations and restrictions due to pain or

> other symptoms can reasonably be accepted as consistent with the [objective medical evidence] and other evidence to decide how [the claimant's] symptoms affect [her] ability to work.'" *Barry v. Colvin*, 606 F. App'x 621, 623 (2d Cir. 2015) (citing *inter alia* 20 C.F.R. § 404.1529(a); *Genier v. Astrue*, 606 F.3d at 49) (alterations in original). If the objective medical evidence does not substantiate the claimant's symptoms, the ALJ must consider the other evidence. *Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013) (citing superseded SSR 96-7p). The ALJ must assess the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

*Debra N. v. Comm'r of Soc. Sec.*, 2019 WL 1369358, at *7 (N.D.N.Y. Mar. 26, 2019).

Here, the ALJ was clearly aware of the requirements of, and her obligations under, SSR 16-3p, Tr. at pp. 26 & 30, and the Court finds no error in her evaluation of Plaintiff's subjective complaints that would require remand.

Plaintiff makes three discrete arguments.

First, she argues that the ALJ erred in discounting her testimony about the limiting effects of her asthma "because she had not required emergency room visits or hospitalization for her breathing difficulties." Pl.'s Mem. of Law at p. 7 (citing Tr. at p. 31). This argument does not provide a basis for remand as it somewhat misstates the record. The language to which Plaintiff objects appears in a portion of the ALJ's decision discussing not only Plaintiff's hearing testimony, but the opinions of two medical professionals. Tr. at p. 31. It accurately reflects the medical record and an ALJ

7

is clearly permitted to rely on the absence of hospital visits in assessing the severity of a medical condition. *Wallace v. Comm'r of Soc. Sec.*, 2012 WL 461809, at *4 (D. Vt. Jan. 10, 2012), *report and recommendation adopted sub nom. Wallace v. Astrue*, 2012 WL 461816 (D. Vt. Feb. 13, 2012). The record demonstrates that the ALJ considered various factors in evaluating Plaintiff's subjective complaints and did not disregard them solely, as Plaintiff suggests, based on the lack of hospital admission.

Next, Plaintiff objects that the ALJ failed to properly consider the combined effect of Plaintiff's asthma and obesity. Pl.'s Mem. of Law at pp. 7-8. Plaintiff makes this argument in a fairly conclusory manner, though her reply brief focuses on the difficulty walking long distances and lifting poses related to her asthma. Dkt. No. 17 at p. 3. The ALJ relied on medical opinions, which she found persuasive, which did not reflect the limitations suggested by Plaintiff's subjective complaints. Tr. at pp. 31-33. The ALJ also recognized Plaintiff's asthma as a severe condition and imposed relevant exposure limitations on her in the workplace to address it. Tr. at p. 30. Plaintiff's argument, therefore, is best understood as a disagreement with the manner in which the ALJ relied upon the evidence. *See Steven H. v. Comm'r of Soc. Sec.*, 2021 WL 1893476, at *5 n.9 (W.D.N.Y. May 11, 2021).

Finally, Plaintiff contends that the ALJ erred in finding Plaintiff's subjective complaints inconsistent with her daily activities. Pl.'s Mem. of Law at p. 8. The ALJ cited various daily activities as being inconsistent with Plaintiff's stated level of functioning. Tr. at p. 33. It is entirely appropriate for an ALJ to consider Plaintiff's

daily activities "for the purpose of determining consistency with alleged symptoms and claimed limitations." *Chasity A. v. Kijakazi*, 2022 WL 1984148, at *5 (N.D.N.Y. June 6, 2022) (citing cases). While Plaintiff objects that none of the daily activities identified by the ALJ showed an ability to walk long distances and that the ALJ misstated Plaintiff's living arrangement, it is unclear how any error in that regard would have prejudiced Plaintiff given her specific testimony that she suffered from no physical limitations that would prevent her from working. Tr. at p. 51. The ALJ was entitled to and clearly did credit that testimony. Tr. at pp. 31-32. "An ALJ's evaluation of a social security claimant's subjective symptoms 'is entitled to substantial deference by a reviewing court.'" *Shari L. v. Kijakazi*, 2022 WL 561563, at *12 (N.D.N.Y. Feb. 24, 2022) (quoting *Rivera v. Comm'r of Soc. Sec.*, 368 F. Supp. 3d 626, 645 (S.D.N.Y. 2019)); *see also Nichole L.Q. v. Kijakazi*, 2022 WL 874398, at *6 (N.D.N.Y. Mar. 24, 2022) (noting "great deference" afforded to such findings). In reaching her conclusion, the ALJ did not rely solely on a rejection of Plaintiff's subjective complaints, but on objective medical evidence regarding Plaintiff's condition. Tr. at p. 33. And as noted above, the ALJ specifically relied on medical opinions that did not reflect the limitations of the sort suggested by Plaintiff. Tr. at p. 31. Those findings, which are not challenged here, clearly provided substantial evidence for the ALJ's conclusions.

"Since the record contained some evidence that was inconsistent with Plaintiff's subjective complaints, the ALJ had discretion to weight that evidence against Plaintiff's subjective complaints." *Martucci v. Saul*, 2019 WL 2710795, at *5 (D. Conn. June 27,

9

2019). While Plaintiff points to other evidence in the record which supports her position regarding the severity of her subjective complaints, it was ultimately for the ALJ, not this Court, to resolve such evidentiary conflicts. *Mitch v. Comm'r of Soc. Sec.*, 2020 WL 1873025, at *9 (W.D.N.Y. Apr. 15, 2020) (citing cases); *Conger v. Comm'r of Soc. Sec.*, 2018 WL 947662, at *4 (N.D.N.Y. Feb. 16, 2018).

## IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **AFFIRMED**; and it is

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human*

*Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: March 5, 2024
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge