UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BOBBI-JO M.J.,

                        Plaintiff,

v.                                             5:23-CV-0478
                                                     (GTS/DJS)

COMMISSIONER OF SOCIAL
SECURITY,

                        Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

OLINSKY LAW GROUP                     HOWARD D. OLINSKY, ESQ.
  Counsel for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION      KRISTINA D. COHN, ESQ.
  Counsel for Defendant                          Special Assistant U.S. Attorney
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Bobbi-Jo M.J. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States Magistrate Judge Daniel J. Stewart recommending that Plaintiff's motion for judgment on the pleadings be denied and that Defendant's motion for judgment on the pleadings be granted, and (2) Plaintiff's Objection to the Report and Recommendation. (Dkt. Nos. 18, 19.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

I. **RELEVANT BACKGROUND**

Generally, in her Objection to the Report-Recommendation, Plaintiff asserts that Magistrate Judge Stewart erred in two ways when he concluded that the ALJ properly considered Plaintiff's statements relating to her asthma, violating 20 C.F.R. § 416.929(c)(3) and SSR 16-3p. (Dkt. No. 19.)

First, Plaintiff argues that, although 20 C.F.R. § 416.929(c)(3) requires an ALJ to consider a claimant's statements "about the intensity, persistence, and limiting effects of your symptoms" when reaching a conclusion as to whether the claimant is disabled, Magistrate Judge Stewart failed to identify any indication in the record (and, indeed, there is no indication in the record) that the ALJ ever considered Plaintiff's statements to a physical consultative examiner on December 28, 2020, that she experienced "shortness of breath on occasion and dyspnea on exertion after walking two blocks." (*Id*. at 1-2 [comparing T 27-33 with T 510].)

Second, Plaintiff argues that, in concluding that the ALJ had properly assessed Plaintiff's residual functional capacity ("RFC") at a full range of work at all exertional levels (despite the ALJ's acknowledgment that of Plaintiff's testimony that she experiences "breathing difficulties"), Magistrate Judge Stewart erroneously relied on Plaintiff's hearing testimony that she suffers from no physical limitations. (*Id*. at 2-3.) More specifically, Plaintiff argues that this reliance was in error because (a) when one reviews the transcript, it is unclear whether, when she gave that testimony, Plaintiff understood whether the ALJ was asking about her ability to (among other things) walk, (b) there is no indication that Plaintiff was ever asked specifically about her ability to walk during the hearing, and (c) in her Function Report dated November 16,

2

2019, Plaintiff stated that she can walk for only "a couple of blocks" before having to stop and rest.  (*Id*. [comparing T 50-51 with T 295 and T 297].)

## II.     APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).  "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made."  28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(2).  "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted).  Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new

arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

### III.   ANALYSIS

As an initial matter, the Court finds that Plaintiff's Objection merely repeat arguments presented in her initial Briefs.  (*Compare* Dkt. No. 19, at 1-3 [Plf.'s Obj.] *with* Dkt. No. 15, at 8-10 [pages "6" through "8" of Plf.'s Brief] and Dkt. No. 17, at 1-2 [pages "1" and "2" of Plf.'s Reply Brief].)  As a result, the Court finds that "challenged" portions of the Report-Recommendation warrant only a clear-error review.  *See, supra*, Part II of this Decision and Order.  Furthermore, the Court finds those portions survive that review: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (*See generally* Dkt. No. 18, at 2-10.)

In any event, the Court finds that, even if it were to subject the "challenged" portions of the Report-Recommendation to a de novo review, it would find that they survive that review. With regard to Plaintiff's first argument (i.e., that there is no indication in the record that the ALJ ever considered Plaintiff's statement to a physical consultative examiner on December 28, 2020, that she experienced "shortness of breath on occasion and dyspnea on exertion after walking two blocks"), the Court is persuaded that the ALJ was well aware of the examination report in question (*see, e.g.,* T. 28, 31, 33 [citing Exhibit 14F six times]) as well as Plaintiff's history asthma (*see, e.g.,* T. 31 [citing Exhibits 3F at 3 and 18F at 8] and T 51).

With regard to Plaintiff's second argument (i.e., that, when one reviews the transcript, it is unclear whether Plaintiff understood whether the ALJ was asking about only her ability to lift

things), the Court finds no material gap or contradiction in the record, which reads as follows, in pertinent part:

> Q	How are you doing physically?
> A	Physically, I – all I do is up and move around the house physically.
> Q	Do you have any physical limitations that would limit your ability to work? I know you had some bariatric surgery.
> A	Yeah.
> Q	Are there any physical limitations, any that would prevent your ability to work?
> A	No.
> Q	You don't have any trouble doing any kind of lifting?
> A	Well, I – when I [lift] something heavy, I start to breathe [heavily].[1]
> Q	Okay. Due to your asthma?
> A	Yes.

(T at 50-51.)  For the sake of brevity, the Court will not linger on the fact that Plaintiff was represented by counsel at the time of this testimony.  (T at 43.)  More important is the fact that any claimed impact of Plaintiff's asthma on her walking was adequately considered by the ALJ, who clearly recognized that, less than a month after her above-referenced statement to a physical consultative examiner on December 28, 2020, Plaintiff's asthma had been reported as being "stable" due to medication.  (T. 33, 510, 533.)

For each of these alternative reasons, the Court reject Plaintiff's Objection.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report and Recommendation (Dkt. No. 18) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

---

[1]	The Court assumes that Plaintiff's hearing testimony that "when I left something heavy, I start to breathe happily" contains two typographical errors (the actual testimony being "lift" instead of "left," and "heavily" instead of "happily"). (T. 51.)

Dated: July 23, 2024
      Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge